Reese, J.
delivered the opinion of the court.
The question involved in this case is the validity of a tax sale under which the plaintiff in error claims title. The sheriff in January, 1832, reported the land which is the subject of controversy as liable for double taxes for the years 1828, 1829, 1830 and 1831, by the following description of it, to wit: “Caleb Cross’s heirs six hundz’ed and forty, entry No. 1328, lying in the twelfth district in the first range ninth section.” The order of sale contained the same description. Cross’s heirs were not the true owners; for the entry having been assigned, the land on the 3d day of January, 1827, was granted to Jesse Brown the lessor of the plaintiff. On the one side it is insisted that the act of 1826, ch. 36, which makes it “the duty of the commissioners appointed by the county court south and west of the congressional line, in receiving and reporting a list of the taxable property, to report all the lands so reported by them in the name of the real owner, giving at the same time the number of entry, section and range,” &c. applies to the sheriff in making his report of land liable to double taxes. This proposition is de *367 nied on the other side, and it is insisted that the duty of the sheriff in that respect is prescribed and governed by the. acts of 1813, ch. 98, and 1819, ch. 53. Without deeming it necessary here to determine the effect and operation of the act of 1826, ch. 36, in a case of double taxes, let us en-quire whether the sale in the record before us be good according to the provisions of the acts of 1813 and 1819 referred to. The third section of the first named act declares that “the public tax shall be and remain a lien upon all land and other species of taxable property, notwithstanding the same may have been divided or alienated, and notwithstanding the same may have been listed and advertised in the name of others than those who actually own the same at the time of the return of such property or sale thereof, although the owner be not known, provided that such land or other property be specially and particularly described in such return and advertisement; and it shall be the duty of the collector of public taxes to give the number of the grant or entry, with all special calls, in his advertisement.” Without insisting that this section, by its terms, provides only for the continuance of the lien under the circumstances described, but taking it to mean what in terms it does not declare, that the sale in such cases shall be good, the enquiry recurs, Is the sale in the case before us in conformity with its provisions? We answer it is not, in two particulars: first, the land is not particularly and specially described in the return; and secondly, it is described by the number of the entry, and not by the number of the grant. The words of the section indeed, are that it shall be described by a reference to the “grant or entry;” the meaning of which is, that if the land be granted the number of the grant shall be referred to, and if it be not granted, that the number of the entry shall be referred to, and not that, in case of granted land, a reference may be made by the officer, at his election, to the number either of the grant or entry. It is to be observed that in case of claimants by mere conveyance it might well, and would often happen, that the deed would have reference to the number of the grant and not to that of the entry, and the notice intended to be given in such case would be more like *368 ly noticed by reference to the number of the grant. Such would be our view of this section in application to the case before us, if it stand alone; but if it be said that the reference to the number of the grant or entry is required in relation to the advertisement, we reply that the sixteenth section of the same act makes it the duty of the clerk in the order of sale to express “the number of the grant or entry or both, as the case may be, together with all the specialties belonging to such claim.” This section. shows that where there is an entry and grant the number of each must be stated in the order of sale itself, as well as the specialties belonging to them. And the act of 1819, ch. 53, sec. 1, in the form of the sheriff’s report and order of sale thereon given, requires that the number of the grant and entry, and their dates likewise, should be stated, and the water course upon which the land lies. If it be said that the act of 1826, ch. 36, dispenses with the provisions of the acts above referred to in this section of the statute, and substitutes a mode of description applicable to the land system here, we reply that the argument of the plaintiff in error is that that act does not apply to the case of a collector’s report for double taxes, and if that argument be founded in error then the collector is required to report in the name of the real owner, which is not done. The judgment of the court below must be affirmed.